John M. Niles *vs.* John S. Nye & another.

A. mortgaged one parcel of real estate to B., and another parcel to C., and A.'s wife released her right to dower in both parcels: A.'s equity of redemption was conveyed to G., who mortgaged it to N.: A. died, and J., his heir at law, took an assignment of the mortgages made to B. and C., and dower therein was set off to A.'s widow, who had released her right of dower, as if no mortgage had been made. *Held,* on a bill in equity brought by N. against J. and the widow, that the assignment of dower was not binding on N., as the widow had no right of dower, as against N., without contributing her portion towards the redemption of the first two mortgages; and that N. had a right to redeem those mortgages, on paying what was due thereon, deducting rent and profits, and to have an assignment thereof made to him.

BILL IN EQUITY. The plaintiff alleged that Crocker Nye, on the 23d of July 1822, mortgaged certain real estate to

Elizabeth Waldo, to secure payment of $500, and on the 15th of February 1827 mortgaged certain other real estate to the Massachusetts Hospital Life Insurance Company, to secure payment of $12,000 ; and that Dulcena Nye, wife ·of said Crocker, executed both said mortgages, with him, and released her dower in the mortgaged premises : That on the 14th of November 1840, the interest of said Crocker, in all said mortgaged estate, came, by mesne conveyances, to Charles B. Green, who mortgaged the same to the plaintiff, to secure payment of $1700 : That said Crocker afterwards died, leaving the defendant, John S. Nye, his son and heir at law, and the said Dulcena, the other defendant, his widow, entitled to dower in said real estate, subject to the first named two mortgages : That the Hospital Life Insurance Company, on the 18th of December 1842, took possession of a part of the premises mortgaged to them, for condition broken, and on the 9th of August 1844, the said Elizabeth Waldo took possession of a part of the premises mortgaged to her, for condition broken : That the said Life Insurance Company, on the 24th of August 1844, and the said Elizabeth Waldo, on the 26th of the same August, assigned their mortgages and debts to the defendant, John S. Nye, who, on the 21st of October 1844, took possession of the residue of the premises mortgaged to said Life Insurance Company : That the defendants, on the 3d of September 1844, combining to deprive the plaintiff of his security aforesaid, set off to said Dulcena, as her dower in said mortgaged real estate, fourteen acres, with the buildings thereon, which constituted one full third of the whole value of said estate, without making any deduction on account of said two first named mortgages; that she entered upon and retained possession of the same ; and that the said John S. Nye has continued in possession of the remainder of said estate, and received the rents and profits thereof ; and that, on the 20th of November 1844, the plaintiff requested him to render an account, but that he has not rendered any just account.

The *prayer* of the bill was for answers not under oath ;

that the plaintiff might be let in to redeem, upon paying what is due on said two mortgages; that an account of the rents and profits might be rendered; that the said mortgages might be assigned to him; that the assignment of dower be set aside; and for general relief.

.The *answer of Dulcena Nye* admitted most of the allegations in the bill, and alleged that when she was married to said Crocker Nye, she " carried $500 to him, which he appropriated; " that, after the death of said Crocker, she demanded of said John S. that he should set off her dower; and that he and she made an agreement, dated August 31st 1844, that three men [named] should set off her dower, who did set off, among other things, fourteen acres named in the bill; but that she knew not whether they made any deduction on account of said mortgages; she denied all combination and conspiracy, and asserted that it would be inequitable to set aside said assignment of dower, or to cause the said mortgages to be assigned to the plaintiff.

The *answer of John S. Nye* also admitted the main alle gations in the bill, but denied all combination, and averred that the demand and setting off of dower were as set forth in the answer of the other defendant, and that he had no knowledge whether any deduction was made on account of said two mortgages. His answer further stated, that he rendered an account, on the 23d of November 1844, upon the plaintiff's demand, and that he was ready to discharge said mortgages, on payment thereof; but he denied the right of the plaintiff to any assignment of them.

It appeared from the deposition of one of the men who set off said Dulcena's dower, that no deduction was made on account of the mortgages.

*Hartshorn*, for the plaintiff.

*Newton*, for the defendant.

Wilde, J. This is a bill in equity to redeem two mortgages, made by Crocker Nye, deceased, one to Elizabeth Waldo, and one to the Massachusetts Hospital Life Insurance Company, in both of which mortgage deeds, Dulcena Nye

12 *

one of the defendants, and the wife of said Crocker, duly released her right of dower. These two mortgages, after the death of the mortgagor, were duly assigned to John S. Nye, the other defendant; and it is admitted that the plaintiff is the lawful owner of the equities of redemption, and has a right to redeem, by paying the mortgage debts. The defendants deny his right to the assignment of the mortgages, on the ground that the said John S. Nye has made a valid assignment of dower to the said Dulcena, at a time when, from the long delay of the plaintiff to redeem the mortgages, they had no reason to suppose that he ever intended so to do. But this delay to pay the mortgages cannot affect the plaintiff's right to redeem. Nothing but a foreclosure of the mortgages could defeat that right. So, we hold it equally clear that the assignment of dower by John S. Nye, the assignee of the mortgages, is not valid and binding on the plaintiff. The right of dower being released by the said Dulcena, she clearly has no right of dower, against the plaintiff, unless she will contribute her portion towards the redemption of the mortgages. If she declines so to do, the plaintiff has a right to redeem, on paying the two mortgages, deducting the rents and profits, and will be entitled to an assignment of the mortgages, according to the principles laid down in Gibson v. Crehore, 5 Pick. 146.

*Referred to a master, to take an account.*